UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James L. Bond,
    Petitioner

vs.

Ernie Moore,[1]
    Respondent

Case No. 1:02cv451
(Beckwith, J.; Black, M.J.)

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and respondent's return of writ, as well as the transcript of the state trial proceedings. (Docs. 1, 3, 5).

**Procedural Background**

On September 17, 1998, petitioner was indicted by the Hamilton County, Ohio, grand jury on two counts of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(1), two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(2), and two counts of kidnapping as defined in Ohio Rev. Code §

---

[1] In the petition, petitioner properly named as respondent Harry Russell, who was then Warden of Lebanon Correctional Institution (LeCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Harry Russell was replaced as LeCI's Warden, first by Anthony Brigano and finally by Ernie Moore. Because Ernie Moore is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2905.01(A)(3); two firearm specifications were attached to each count. (Doc. 3, Ex. A). The charges arose from an incident involving two victims–petitioner's ex-wife, Dawn Kennedy, and Arthur Vega. (*See id.,* Ex. F, p. 2). Petitioner waived his right to a jury trial. (*Id.,* Ex. B). Prior to trial before the court, the State dismissed the charges of aggravated burglary and felonious assault committed against the victim Vega, the charge of kidnapping Kennedy, and one of the two firearm specifications attached to each remaining count. (*Id.,* Ex. F, p. 2). Following a bench trial on the three remaining counts, petitioner was acquitted of the felonious assault charge and found guilty of the count charging petitioner with the aggravated burglary of Kennedy's residence with specification, and the charge of kidnapping Vega with specification. (*Id.,* Ex. B). On March 4, 1999, petitioner was sentenced to concurrent sentences of five (5) years for the aggravated burglary and kidnapping offenses, to be served consecutively to concurrent three (3) year terms of imprisonment imposed for the firearm specifications. (*Id.,* Ex. C).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. D). He claimed in one assignment of error that he was denied effective assistance of counsel when his trial attorney advised him to waive his jury trial right "in exchange for dismissal of charges and then went forward to the bench trial on one of the charges to be dismissed, causing [petitioner] to waive his right to a jury trial, unknowingly, and unintelligently." (*Id.*). On October 29, 1999, the Ohio Court of Appeals issued a Decision overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. F).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. Instead, nearly two years later, on August 17, 2001, he filed pro se a notice of appeal and motion for delayed appeal with that court. (*Id.,* Exs. G, H). As justification for his delay in filing, he stated that his appellate counsel discontinued his representation of petitioner after the "[a]ppeal was denied," and that he was unable to pursue an appeal on his own "due to my lack of knowledge of the law and not having p[ossession] of my Trial transcripts" until February 2001. (*Id.,* Ex. H, Affidavit In Support). On October 10, 2001, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the cause of action without opinion. (*Id.,* Ex. I).

The instant petition for writ of habeas corpus was signed by petitioner on May 17, 2002 and stamped as "filed" on June 20, 2002. (Doc. 1). In the petition, petitioner alleges as the sole ground for relief that his trial counsel provided ineffective assistance by coercing him to waive his jury trial right based on an agreement with the State,

which the prosecutor violated when he failed to drop the charge of kidnapping Mr. Vega.  (Doc. 1, p. 5).

## OPINION

### A.  The Petition Is Barred From Review By The Statute Of Limitations

In the return of writ, respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  (Doc. 3, Brief, pp. 7-9).  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, it is clear from the record that petitioner was aware of the factual basis for his sole ground for relief at the time of his conviction and initiation of state appeal proceedings, because he presented this claim as an assignment of error on direct appeal.  Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.  Under this provision, petitioner's conviction became "final" on December 14, 1999, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' October 29, 1999 direct appeal decision (*see* Doc. 3, Ex. F).  *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999); *McClain v. Hill,* 52 F.Supp.2d 1133, 1145 (C.D. Cal. 1999); *cf. Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir.), *cert. denied,* 534

U.S. 905 (2001); *United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)); *see also* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

An argument can be made that a motion for delayed appeal is part of the direct appeal within the meaning of 28 U.S.C. § 2244(d)(1)(A), and therefore that the statute of limitations did not begin to run until after the Ohio Supreme Court denied petitioner's delayed appeal motion in October 2001. However, this argument was expressly rejected by the Sixth Circuit in *Searcy*, where the court declined to find as argued by the petitioner that the AEDPA's statute of limitations was "retriggered" or began to run anew when the Ohio Supreme Court denied the petitioner's motion for delayed appeal. *Searcy,* 246 F.3d at 519. In so ruling, the court expressed its approval of the district court's reliance on the following "rationale of a sister court from the Second Circuit:"

> [The petitioner's argument] is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998).

*Searcy,* 246 F.3d at 519. The court went on to hold that although the denial of a delayed appeal motion does not restart the clock at zero, it may serve to toll the running of the limitations period. *Id.; cf. Miller v. Collins,* 305 F.3d 491, 494 (6th Cir. 2002) (delayed appeal to Ohio Supreme Court "tolled the one-year statute of limitations while it was pending" before that court). This Court is bound by *Searcy* and, therefore, similarly concludes that petitioner's motion for delayed appeal, which was denied by the Ohio Supreme Court, did not restart the one-year limitations period under 28

U.S.C. § 2244(d)(1)(A), but rather could only serve to toll the running of a clock that had not yet fully expired. *But cf. Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 7-8 (6th Cir. Sept. 2, 2003) (not published in Federal Reporter) (while acknowledging that *Searcy* "is binding precedent with respect to non-26(B) delayed appeals," and was authored by the same judge who authored *White v. Schotten,* 201 F.3d 743, 752-54 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the majority opinion pointed out in dicta that *Searcy* was decided "in direct contradiction to *White*").

Here, petitioner's motion for delayed appeal to the Ohio Supreme Court could not serve to toll the running of the statute of limitations. As discussed above, *see supra* p. 3, the statute commenced running on December 14, 1999 and expired one year later on December 15, 2000. Therefore, no time remained in the limitations period that could be tolled when petitioner filed his motion for delayed appeal with the Ohio Supreme Court on August 17, 2001, eight months after the statute of limitations had run its course. *Cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 124 S.Ct. 435 (2003).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to his case. There is no evidence in the record to suggest that petitioner lacked notice or constructive knowledge of the

one-year filing requirement for federal habeas corpus petitions. In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until June 2002 when he filed the instant petition. Petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the Court concludes that the instant petition, filed one and one-half years after the statute of limitations expired, is time-barred.

### B. Alternatively, Petitioner Has Waived His Claim For Habeas Relief Due To His Procedural Default In The State Courts

In the return of writ, respondent argues as an alternative ground for dismissal of the petition that petitioner has waived his claim for relief due to his procedural default in the state courts. (Doc. 3, pp. 10-15). In light of the evolving case-law in the statute of limitations area, the Court will address this argument as an alternative basis for disposing of this matter.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had

his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court. Although petitioner attempted to obtain a delayed appeal before that court, the Sixth Circuit recently held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* _ F.3d _, No. 03-3153, 2004 WL 1206984, at *2 (6th Cir. April 27, 2004) (per curiam) (to be published). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claim for relief is not addressed on the merits by this Court. Moreover, he has failed to establish "cause" for his procedural default in the state courts. He did argue to the Ohio Supreme Court that he was unable to file a timely appeal due to his appellate counsel's withdrawal from the case after his appeal was denied, as well as his own "lack of knowledge of the law" and inability to obtain a copy of the trial transcript until February 2001. (Doc. 3, Ex. H, Affidavit In Support). However, none of these arguments establish cause to excuse petitioner's procedural default. In *Bonilla, supra,* 2004 WL 1206984, at *2-3, the Sixth Circuit specifically rejected the same arguments for "cause" that are asserted here, as follows:

> First, [petitioner's] pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Second, [petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id.* . . .

> Third, [petitioner's] mistaken belief that he required a complete copy of his trial transcripts prior to filing a notice of appeal with the Ohio Supreme Court does not establish cause to excuse his procedural default. *See id.*

Accordingly, the Court concludes that petitioner is not entitled to habeas corpus relief because he has waived his sole claim for relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision .

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's ground for relief alleged in the petition, which this Court has concluded is time-barred as well as waived and thus barred from review on two alternative procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" at least with respect to the waiver issue under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

---

[2]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

Date: <u>June 30, 2004</u>     <u> S/Timothy S. Black              </u>
    cbc                                          Timothy S. Black
                                                 United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\02-451denypet.sol-waiver.wpd

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James L. Bond,
    Petitioner,

             v.

Ernie Moore,
    Respondent.

Case No. 1:02cv451
(Beckwith, J.; Black, M.J.)

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).